IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| Raymond Hans, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:05-cv-115 |
| vs. | ) | |
| | ) | **Memorandum Opinion and Order** |
| Gary D. Tharaldson, et al., | ) | **Partially Granting  Defendants Gary D.** |
| | ) | **Tharaldson's and Connie Tharaldson's** |
| Defendants. | ) | **12(b)(1) Motion to Dismiss Certain** |
| | ) | **Plaintiffs, Denying to Dismiss to Certain** |
| | ) | **Plaintiffs and Denying Defendants** |
| | ) | **Roger Tharaldson's, Linda** |
| | | **Tharaldson's, James Lochow's,** |
| | | **Raymond Braun's and South Dakota** |
| | | **Trust Company, LLC's 12(b)(6) Motion** |
| | | **to Dismiss** |

Plaintiffs commenced the above captioned action in the United States District Court for the District of Nevada. Docket 1.  It was transferred to the undersigned on December 15, 2005. Docket 69.  Plaintiffs seek relief under 29 U.S.C. § 1001, et seq. both on their own behalf and on behalf of current and former and former employees of Tharaldson Motels, Inc.  (Hereafter TMI). The Fourth Amended Class Action Complaint also seeks class certification and certain relief that is characterized as equitable relief against the Defendants arising out of the creation and funding of an employee stock ownership plan.  (Hereafter  Tharaldson ESOP, ESOP or The Plan).  Gary Tharaldson and Connie Tharaldson have filed a 12(b)(1) motion regarding the claims of six of

the seven named defendants arguing that three of the defendants, (Hans, LeBlanc and Richman) are not plan participants because they are no longer employees and have taken their distribution from the Plan.  Docket 104.  Gary Tharaldson and Connie Tharaldson also contend that three other Plaintiffs (Jackey, Walker and Webster) were employed after the creation of the ESOP and the alleged breaches of fiduciary duty and thus lack standing to maintain the action. Docket 104. Defendants Roger Tharaldson, Linda Tharaldson, James Lochow, Raymond Braun and South Dakota Trust Company, LLC have filed a motion to dismiss under Rule 12(b)(6) asserting that this group of defendants are "non fiduciary selling shareholders" who no longer hold any assets of the ESOP and further that the claim is actually one for money damages not authorized under ERISA.  Docket 111.  The motions do not address the claims of Plaintiff Herbert against Gary Tharaldson and Connie Tharaldson.

**Summary of Decision**

The Court finds Plaintiffs Hans, LeBlanc and Richman were not plan participants at the time this matter was commenced.  They are therefore not parties in interest and the motion to dismiss their claims is granted.  The court finds that Plaintiffs' Jackey's, Walker's and Webster's claim is well-pled as they assert they  continue to suffer injury as the plan pays for shares at an allegedly inflated price.  Thus these plaintiffs have standing.  Finally the court finds that the complaint sufficiently alleges that Gary Tharaldson, a fiduciary under the Plan, acted on behalf of the non-fiduciary selling defendants to procure an unfairly high price for their shares the proceeds of such sale represent a sufficiently identifiable corpus that, if traceable, is sufficient to allow an equitable remedy for the benefit of the plan participants.

**Statement of Facts**

2

Under both Rule 12(b)(1) and 12(b)(6) a court must review a motion to dismiss accepting all factual allegations in the complaint as true and granting every reasonable inference in favor of the nonmovant.  <u>Brotherhood of Maintenance of Way Employees v. Burlington Northern Sante Fe Railroad</u>, 270 F3d 637, 638 (8th Cir. 2001), <u>Knieriem v Group Health Plan, Inc.</u>, 434 F3d 1058, 1060 (8th Cir 2006).  A motion to dismiss should be granted only if it appears beyond a doubt that plaintiff can prove no set of facts to justify a grant of relief.  <u>Id</u>.  For the purposes of these motions the court takes the allegations and inferences to be drawn from the Fourth Amended Complaint as true and references in this opinion are to the numbered paragraphs in Plaintiffs' Fourth Amended Complaint.  Docket 99.

TMI is a holding company incorporated in North Dakota in the business of hotel and motel ownership and operation. ¶54.  It does business in 36 states. ¶54.  In 1998 Gary Tharaldson and others set up a Employee Stock Oownership Plan (the ESOP or Plan) that is the subject of this litigation.  ¶ 57.  On December 28, 1998 the then existing TMI 401k Plan was terminated and the new ESOP was commenced. ¶ 58.  No employee 401k funds were placed in the ESOP. ¶ 58.  The ESOP became the owner of TMI when Gary Tharaldson and his family members sold their outstanding stock in TMI to the ESOP.  ¶ 60.  The complaint alleges that the exact details of the sales transaction have been concealed by the fiduciaries but that approximately $500,000,000 was paid for the stock of Gary Tharaldson and the members of his family and some sellers that are not defendants in this action. ¶ 62, 64.  The notes called for repayment by TMI to the holders of the notes, of interest only in 1998 and 1999, and with principle and interest thereafter until 2019 when the notes would be paid in full.  ¶ 64.  The ESOP paid fifty million dollars in cash and gave $456,594,800.00 in promissory notes to the selling shareholders.  ¶ 65.  The sale was

vastly in excess of the fair value of TMI.  ¶70- 76.

The purpose of the ESOP transaction as alleged, and taken as true for the purpose of these motions, was to unload the older less economically viable hotel properties, extract as much available capital as possible from TMI and siphon the profits of TMI to the Tharaldson family to purchase new profitable hotel and motel properties.  These hotels would then be held in a non-ESOP entity or entities owned by Gary Tharaldson and his family members.  This leaves TMI and the ESOP employee participants holding only old obsolete motel and hotel property.  ¶ 88.

Participation in the ESOP as of January 1, 2002 required attaining age 21, employment for six months and 1000 hours of service per year. ¶ 29, 41.  An employee is 100% vested after five years participation. ¶ 31.  Employer contributions for the plan year are allocated to the account of each participant. ¶ 41.  As the promissory notes were paid stock held in a suspense account was released to the employee participant's account.

Plaintiffs Raymond Hans, Chuck LeBlanc and Larry Richman are former employees of TMI who were vested in the Plan.  ¶ 6, 9 and 10.  With regard to all the other Plaintiff employees the complaint alleges that those employees have not yet received a distribution from the plan.  ¶ 7, 8, 11, 12.  The complaint is silent as to whether Hans, Webster and Richman received a distribution, however at oral argument Mr. Rinaldi, attorney for Plaintiffs, conceded that these three had taken their distribution and the fact appears undisputed.  Pg 17 ln. 15.

The Plaintiffs Jeremy Jackey, Donna Walker and Michael Webster were vested in the plan at the time the Fourth Amended Complaint was filed. ¶ 8, 11, 12.  Though outside the allegations of the complaint Defendants Gary Tharaldson and Connie Tharaldson contend that Jackey was hired in July of 2000, Walker was hired in July of 2000 and Webster in August off

4

2000, entering the ESOP in 2003, 2002 and 2002 respectively.

Finally the non-fiduciary defendants move to dismiss alleging that Plaintiffs' case is really for money damages and thus cannot be sustained under the body of case law developed in ERISA litigation and further that they no longer hold the notes and thus no equitable remedy is available. The complaint alleges violations of various ERISA fiduciary duties on the part of Gary Tharaldson and Connie Tharaldson and a knowing participation in the breaches of fiduciary duty by the non-fiduciary defendants through the sale of their stock at an inflated price. ¶ 103-118 and 120.

## Analysis

Only a plan participant may bring an enforcement action under ERISA. <u>Adamson v. Armco, Inc.</u> 44 F3d 650, 654 (8th Cir 1995). In <u>Adamson</u> an employee of Reserve Mining Company brought an ERISA action against the parent company of Reserve after Reserve filed bankruptcy and terminated its unfunded employee benefit plans. The parent company was a fiduciary of the plan but the claims were time barred. <u>Id.</u> The court noted that the fact that the former employees "were plan participants in the past is irrelevant. 'The statute by its terms does *not* permit a civil action of someone who *was* a participant at the time of the ERISA violation. Rather it is written in the present tense, indicating that current participant status is the relevant test.'"<u>Id.</u> <u>Quoting Raymond v. Mobil Oil Corp.</u>, 983 F2d 528, 1534-35 (10th Cir.)(emphasis original) <u>cert. denied</u>, __U.S.__, 114 S. Ct. 81, 126. Here it is undisputed that employee plaintiffs Hans, LeBlanc and Richman are not employees and have taken their distribution under the plan. Because they are not present plan participants they simply cannot maintain a claim and the motion as to tHans, LeBlanc and Richman is granted.

The gravamen of the complaint is that Gary Tharaldson abused his fiduciary responsibilities to the ESOP and the ESOP employee plan participants by devising a scheme to cause the ESOP to pay him and his family members an excessively high price for his and his family members stock as part of a scheme to extract the earnings from TMI after the sale of the shares to the ESOP.  Because of the way the transaction was structured, as the payments were made by TMI on the promissory notes the shares held in a suspense account were allocated to the plan participants' accounts.  The complaint alleges that the shares of stock were overvalued by a factor of at least two to one and perhaps as much as ten to one.  Thus an employee presently in the plan would have relatively more shares of stock allocated to his participant account as they were paid for if the sale price had been at a fair value.

The limits on judicial power imposed by Article III of the United States Constitution counsel against permitting ERISA plan participants who have suffered no injury in fact from suing to enforce fiduciary duties on behalf of the plan.  Harley v. Minnesota Mining and Manufacturing Co. 284 F2d 901, 906 (8th Cir 2002).  Here however, the complaint, taken as true, alleges that present plan participants receive a relatively fewer number of shares to their plan account due to the over valuation of the shares by the plan fiduciary at the time of the ESOP's formation, resulting in fewer higher priced shares allocated to participants accounts.  Thus the reduction in the plan participant's plan value as alleged and taken as true in a 12(b)(1) motion, shows a concrete injury in fact of a loss in the number of shares held in each ESOP participant's account.  This case as alleged is similar to that in Howe v. Varity Corp., 36 F3d 746 (8th Cir 1994), *opinion clarified by* Howe v. Varity Corp., 41 F3d 1263 (8th Cir. 19940 and *aff'd by* Varity Corp. V. Howe, 516 U.S. 489 (1996).  In Howe a new corporation was formed to build

Massey Ferguson  farm equipment after the financial failure of Massey Ferguson.  When MCC, the successor corporation, was formed, it was essentially bankrupt and the fair market value of the stock was zero. <u>Howe</u>, 36 F3d at 750. At the time of MCC's formation the chairman of the holding company bragged that he had unloaded his losers all in one wagon. <u>Id.</u>  This is precisely what Plaintiffs allege Gary Tharaldson has done.  Because of the way the transaction was structured the profit continues to be siphoned out of TMI for the benefit of Gary Tharaldson and his family members all at the expense of plan participants.    Gary Tharaldson's and Connie Tharaldson's motion to dismiss as to Jackey, Walker and Webster is therefore denied.

Finally the non-fiduciary selling defendants seek dismissal characterizing the case as one for damages as they do not have the notes from the sale of stock and thus no equitable remedy lies.  Here too the allegations of the Fourth Amended Complaint must be taken as true. Paragraph 120 alleges that the non-fiduciary selling defendants knowingly participated in the breaches of fiduciary duty by Gary Tharaldson and Connie Tharaldson.  This resulted in payment for their shares in excess of fair market value to the detriment of the Plan.  The common law of trusts offers the starting point for analysis of ERISA claims.  <u>Harris Trust v. Solomon Smith Barney Inc.,</u> 530 U.S. 238, 251 (2000).  Whenever  a trustee breaches his fiduciary duty to the beneficiaries and transfers trust property to third persons, those third person takes the property subject to a constructive trust, unless the third person purchased the property for value and without the notice of the fiduciary's breach of duty.  <u>Id.</u>  If a constructive trust arises the beneficiaries may seek disgorgement of the trust proceeds.  <u>Id.</u>  The constructive trust is based on the property not the wrongs. <u>Id.</u>

The non-fiduciary defendants also argue that they no longer hold the promissory notes

and thus they don't have the property to disgorge. However a beneficiary may maintain an action for restitution or disgorgement of the proceeds if the property is already disposed of.  Daniels v. Bursey, 329 F. Supp 2d 975, 981 (N.D. Ill. 2004).

Plaintiffs allege the non-fiduciary selling defendants knew of the scheme or plan by Gary Tharaldson.  The Complaint alleges that the shares were sold to the ESOP far above fair market value.  In addition the Complaint alleges that Gary Tharaldson acted on behalf of the non-fiduciary shareholders to obtain the proceeds from the sale of the older motel to obtain financing to construct new motels to be owned by Tharaldson and his family outside of the ESOP. ¶ 88. Thus if Plaintiffs can prove that Gary Tharaldson was acting as an agent for his family members his knowledge of the true facts can be imputed to the non fiduciary selling defendants as a matter of general agency law.    This court has not allowed for discovery from these defendants requiring Plaintiffs to wait until these motions were decided. Docket 141. Taking the allegations of the Complaint as true Plaintiff's case states a claim for equitable relief under ERISA.

## Conclusion

Plaintiffs Hans, LeBlanc and Richman are not Plan participants and thus lack standing. The motion to dismiss as to these plaintiffs is **Granted.**  Plaintiffs Jackey, Walker and Webster have alleged a sufficiently concrete injury caused by the acts of Gary Tharaldson to have standing.  The motion to dismiss as to these plaintiffs is **Denied.**  Defendants Roger Tharaldson, Linda Tharaldson (in her individual and trust capacities), James Lochow, Raymond Braun and South Dakota Trust Company LLC all benefitted from the sale of their stock to the ESOP at an allegedly over valued price.  Because the allegations must be taken as true the sale of their stock was made with their knowledge and thus their motion is **Denied.**

8

**It is so ORDERED**.

Dated this 26th day of September, 2007.

_____/s/_____
Ralph R. Erickson
United States District Judge
District of North Dakota