IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

Raymond Hans, Gayle Herbert, Jeremy )
Jackey, Chuck LeBlanc, Larry Richman, )
Donna Walker, and Michael Webster, on )
behalf of themselves, Individually and on )
behalf of All Others Similarly Situated, )
                                    )
           Plaintiffs, )
                                    )
vs. )
                                    )
Gary D. Tharaldson, Connie Tharaldson, )
Roger Tharaldson, Raymond Braun, and )       **ORDER ON MOTION FOR**
James Lochow, as Trustees of the Michelle )     **RECONSIDERATION AND**
Tharaldson Trust and as Trustees of the )        **MOTION FOR ENTRY OF**
Matthew Tharaldson Trust; South Dakota )         **FINAL JUDGMENT**
Trust Company, LLC, as Trustee of the )
Michelle Lyn Tharaldson Lemaster )
Dynasty Trust, as Trustee of the Matthew )        Civil No. 3:05-cv-115
Tharaldson Dynasty Trust, and as Trustee )
of the Michael Tharaldson Dynasty Trust; )
and Linda Tharaldson, individually and in )
her capacity as Trustee for the Michael )
Tharaldson Trust, )
                                    )
          Defendants, )
                                    )
and )
                                    )
Tharaldson Motels, Inc. Employee Stock )
Ownership Plan, )
                                    )
        Nominal Defendant. )

Before the Court is a Motion for Reconsideration of Order on the Motion to Dismiss Dated

September 26, 2007, filed by dismissed Plaintiffs Raymond Hans, Chuck LeBlanc, and Larry

1

Richman ("the Dismissed Plaintiffs") (Doc. #192).  Defendants Gary and Connie Tharaldson ("the Tharaldsons") have filed a brief in opposition (Doc. #207).

## DISCUSSION

As an initial matter, it should be noted that the Motion for Reconsideration is properly before the Court because final judgment has never been entered in this case.  "Judgment" does not encompass an order dismissing fewer than all of the opposing parties or claims, unless the district court directs the entry of a final judgment under Rule 54(b), Fed. R. Civ. P., or expressly indicates that the order is an immediately appealable interlocutory decision under 28 U.S.C. § 1292(b).  Auto Servs. Co., v. KPMG, LLP, 537 F.3d 853, 856 (8th Cir. 2008).  Here, the order dismissing Plaintiffs Hans, LeBlanc, and Richman clearly did not dispose of all the remaining parties or claims, nor has the Court otherwise directed entry of a final judgment or made findings regarding immediate appeal of the order.  Therefore, the Court may "exercise its general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment."  Id. at 857; see also Fed. R. Civ. P. 54(b) (providing that a non-final order or decision "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

On September 26, 2007, the Court entered an order granting the Tharaldsons' motion to dismiss Plaintiffs Hans, LeBlanc, and Richman from this action.  The Court reasoned that because the Dismissed Plaintiffs were former employees of TMI who had cashed out of the ESOP, a defined contribution retirement plan, they were no longer plan participants within the meaning of ERISA and therefore lacked standing.  The Dismissed Plaintiffs now urge the Court to reconsider this ruling, pointing in particular to the United States Supreme Court's recent decision in LaRue v. DeWolff, Boberg & Associates, 128 S. Ct. 1020 (2008), as well as several other recent decisions from the

2

circuit courts.  In response, the Tharaldsons contend that these decisions change nothing, and that the dismissal order of September 26, 2007, was properly decided.

After carefully considering all the relevant materials in the record, including the fourth amended complaint and the parties' extensive briefing on both the motion to dismiss and the motion to reconsider, as well as recent developments in the case law, the Court is convinced that Plaintiffs Hans, LeBlanc, and Richman are "participants" in the ESOP who may bring a civil enforcement action under §§ 502(a)(2) and 502(a)(3) of ERISA, and therefore they must be reinstated as named plaintiffs in this proposed class action.

The question presented here is one of statutory standing, namely, "whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury."  See Graden v. Conexant Sys. Inc., 496 F.3d 291, 294-95 (3d Cir. 2007).  Under § 502(a) of ERISA, only certain parties may bring certain types of enforcement actions.  See 29 U.S.C. § 1132.  A "participant" is one of the parties who may bring an action to enforce fiduciary duties owed to the plan under § 502(a)(2), or to obtain injunctive or other appropriate equitable relief for the plan under § 502(a)(3).  The fourth amended complaint in this case asserts claims under both §§ 502(a)(2) and 502(a)(3), and the Dismissed Plaintiffs claim that they have standing as participants to bring this action.

In the ERISA statutory scheme, the term "participant" is defined as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . ."  29 U.S.C. § 1002(7).  In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989) (citations omitted), the United States Supreme Court further elaborated on this definition:

> In our view, the term "participant" is naturally read to mean either "employees in, or reasonably expected to be in, currently covered employment," or former employees who "have . . . a reasonable expectation of returning to covered employment" or who have a "colorable claim" to vested benefits.  In order to establish that he or she "may become eligible" for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future.

See also LaRue, 128 S. Ct. at 1026 n.6 (stating that a plan participant "may include a former employee with a colorable claim for benefits").

Since the Court issued its decision dismissing Plaintiffs Hans, LeBlanc, and Richman from this action, a clear line of cases has emerged in the circuit courts holding that a former employee who cashed out of a defined contribution retirement plan may qualify as a "participant" under ERISA.  See Vaughn v. Bay Envtl. Mgmt., Inc., 544 F.3d 1008, 1012 (9th Cir. 2008); Lanfear v. Home Depot, Inc., 536 F.3d 1217, 1223 (11th Cir. 2008); Evans v. Akers, 534 F.3d 65, 71 (1st Cir. 2008); In re Mut. Funds Inv. Litig., 529 F.3d 207, 216 (4th Cir. 2008); Bridges v. Am. Elec. Power Co., 498 F.3d 442, 445 (6th Cir. 2007); Graden v. Conexant Sys., Inc., 496 F.3d 291, 297 (3d Cir. 2007); Harzewski v. Guidant Corp., 489 F.3d 799, 804-05 (7th Cir. 2007).  The leading case on this issue is Harzewski v. Guidant Corp., 489 F.3d 799 (7th Cir. 2007), and indeed, the LaRue Court cited to Harzewski in rejecting the argument that the petitioner's case was moot because he withdrew his funds from the plan at issue, noting that "[a] plan 'participant,' as defined by § 3(7) of ERISA, may include a former employee with a colorable claim for benefits."  LaRue, 128 S. Ct. at 1026 n.6.

In a defined contribution plan, the participant's pension benefit is the balance of the individual account upon retirement, and the amount of the benefit is directly dependent on the performance of the investments made with the contributions.  Evans, 534 F.3d at 67-68.  Therefore,

4

"the full 'benefit' to which the participant is entitled by a defined contribution plan is 'the value of [her] account unencumbered by any fiduciary impropriety." Id. at 71 (quoting Graden, 496 F.3d at 297); see also Harzewski, 489 F.3d at 804-05 ("The benefit in a defined-contribution pension plan is, to repeat, just whatever is in the retirement account when the employee retires or *whatever would have been there had the plan honored the employee's entitlement*, which includes an entitlement to prudent management.").

The courts of appeals have uniformly held that former employees who cashed out of a defined contribution plan have standing to claim benefits as "participants" under ERISA § 502(a) "when they seek to recover amounts that they claim should have been in their accounts had it not been for alleged fiduciary impropriety." See, e.g., In re Mut. Funds. Inv. Litig., 529 F.3d at 210; see also Vaughn, 544 F.3d at 1009 n.1, 1014 (collecting cases). As the Third Circuit clearly explained in Graden v. Conexant Systems, Inc., 496 F.3d 291, 303 (3d Cir. 2007):

> [W]hen determining participant standing under ERISA, the relevant inquiry is whether the plaintiff alleges that his benefit payment was deficient on the day it was paid under the terms of the plan and the statute. If so, he states a claim for benefits, which, if colorable, makes him a participant with standing to sue. If, on the other hand, he seeks extracontractual damages or benefits that never vested, then he is not a participant, and a federal court cannot entertain his suit.

After carefully reviewing the recent developments in ERISA case law, particularly in light of the Supreme Court decisions in Bruch and LaRue, the Court is persuaded that the Dismissed Plaintiffs qualify as "participants" within the meaning of ERISA, and therefore they have statutory standing to pursue this action. Although it remains undisputed that Plaintiffs Hans, LeBlanc, and Richman all received full, lump-sum distributions of their benefits from the ESOP prior to commencement of this lawsuit, that fact is not dispositive with regard to participant standing. Rather, the proper inquiry is whether the Dismissed Plaintiffs, as cashed-out former employees, have

5

a colorable claim for additional benefits.  Stated another way, the Dismissed Plaintiffs must allege that they did not receive a full distribution at the time they cashed out, because their accounts contained less than they should have due to breaches of fiduciary duty.

The Court concludes that, drawing all inferences in the Plaintiffs' favor, as is appropriate at this stage of the proceedings, Plaintiffs Hans, LeBlanc, and Richman have asserted colorable claims for additional benefits under the Plan.  The fourth amended complaint alleges, in its simplest terms, that the ESOP and its participants paid an overinflated price for TMI stock due to misconduct on the part of Plan fiduciaries.  Furthermore, the complaint seeks to recover any losses to the ESOP resulting from those fiduciary breaches, as well as any profits of such fiduciaries which may have been made through use of Plan assets.  Construing the complaint as a whole, it is clear that the Dismissed Plaintiffs are alleging that the value of their defined contribution accounts would have been greater when they received their lump sum distributions, absent the fiduciary misconduct on the part of the Defendants.  Therefore, the Court is convinced that Plaintiffs Hans, LeBlanc, and Richman have standing as participants in the ESOP to pursue civil enforcement claims under ERISA §§ 502(a)(2) and 502(a)(3).

Finally, the Court notes that it has carefully re-considered Adamson v. Armco, Inc., 44 F.3d 650 (8th Cir. 1995), the Eighth Circuit case which was the primary basis of the original order for dismissal, and concluded that it is distinguishable.  First, Adamson involved a health benefits plan, not a defined contribution plan, and based on the Supreme Court's reasoning in LaRue, it is appropriate to consider the unique structure of defined contribution plans when analyzing ERISA issues.  See LaRue, 128 S. Ct. at 1025 (differentiating defined contribution plans from defined benefit plans).  Second, and most importantly, the Adamson court held that the plaintiffs did not

have a colorable claim for benefits because all their claims were time barred by the statute of limitations.  Adamson, 44 F.3d at 654-55.  Because Adamson focuses on the loss of participant status due to the running of the statute of limitations, and not the effect of a former employee cashing out a defined contribution plan, the Court concludes it is not controlling here.

## DECISION

For all the foregoing reasons, the Motion for Reconsideration is **GRANTED**, and it is hereby **ORDERED** that Raymond Hans, Chuck LeBlanc, and Larry Richman are reinstated as named Plaintiffs in this action.  The Motion for Entry of Final Judgment under Rule 54(b), Fed. R. Civ. P., is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated this 4th day of March, 2009.


    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court