**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**SOUTHEASTERN DIVISION**

<table>
<tr>
<td>
RAYMOND HANS, GAYLE HERBERT, JEREMY JACKEY, CHUCK LEBLANC, LARRY RICHMAN, DONNA WALKER and MICHAEL WEBSTER on behalf of themselves, individually and on behalf of all others similarly situated in the Former Employee Class, and CARLOS GONZALES, DONALD KLAIN, JOLENE MATHESON-GODSCHALK, and SIDNEY LEIN, on behalf of themselves individually and on behalf of all others similarly situated in the Current Employee Class; and<br><br>
Plaintiffs,<br><br>
v.<br><br>
GARY D. THARALDSON, CONNIE THARALDSON, ROGER THARALDSON, RAYMOND BRAUN and JAMES LOCHOW as the Trustees of the MICHELLE THARALDSON TRUST and as Trustees of the MATTHEW THARALDSON TRUST, SOUTH DAKOTA TRUST COMPANY, LLC as Trustee of the MICHELLE LYN THARALDSON LEMASTER DYNASTY TRUST, as Trustee of the MATTHEW THARALDSON DYNASTY TRUST, and as Trustee of the MICHAEL THARALDSON DYNASTY TRUST, and LINDA THARALDSON individually and in her capacity as Trustee for the MICHAEL THARALDSON TRUST,<br><br>
Defendants,<br><br>
and<br><br>
THARALDSON MOTELS, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>
Nominal Defendant.
</td>
<td>
Civil Action No.<br>3:05-CV-0115-RRE-KKK<br><br>
FORMER EMPLOYEE CLASS PLAINTIFFS’ OPPOSITION TO DEFENDANTS’ NOTICE OF SUPPLEMENTAL MATERIALS POST DAUBERT HEARING OR IN THE ALTERNATIVE NOTICE OF SUPPLEMENTAL MATERIALS POST DAUBERT HEARING
</td>
</tr>
</table>

The Former Employee Class Plaintiffs hereby join in the objection of the Current Employee Class Plaintiffs and North Star Trust Company to Defendants' Notice of Supplemental Materials Post-*Daubert* Hearing, Docket No. 676 ("Defendants' Notice") for the reason that Defendants' Notice seeks to place evidentiary materials before the Court ***after the closing of the Daubert Hearing*** without identification and admission into evidence ***and without affording Plaintiffs their right of cross-examination*** of witnesses utilizing such materials.

Alternatively, should the Court permit the Defendants to supplement the *Daubert* hearing record with the materials attached to Defendants' Notice, the Former Employee Class Plaintiffs submit the following additional material to supplement the *Daubert* hearing record:

1. Defendants suggested at the hearing that Mr. Messina's reference to "hurdle rates" with respect to his use of a 25% equity rate of return component of the WACC was improper because it implied that he was using "**expected**" rates of return rather than "**actual**" rates of return in computing the WACC. Although Mr. Messina used the term "hurdle rate" to refer to his "cost of capital" there is actually no difference between the terms "hurdle rate", "opportunity cost of capital" or "cost of capital." A "cost of capital" or "hurdle rate" is by definition an **expected** return. In response Plaintiffs submit the following:

- "Principles of Corporate Finance," 7th Edition by Brealey & Meyers, excerpts from the glossary and index, pages 1047 and 1063 (which indicate that the terms "opportunity cost of capital," 'hurdle rate" and "cost of capital" are all synonymous and refer to "Expected return that is foregone by investing in a project rather than in comparable financial securities.").

2. Defendants suggested at the hearing that Mr. Messina's use of a 25% equity rate of return was inconsistent with the cost of equity capital commonly used in performing valuations for ESOPs. Mr. Messina stated during the hearing that his cost of capital derived a value for TMI's rooms that was similar to or greater than the values of rooms for publicly traded companies at the time of the valuation. In response Plaintiffs submit the following as support for Mr. Messina's use of a 25% equity rate of return:

- "Valuation of Comparable Companies using Room Metrics" prepared by Dana Messina, Bates No. MESSINASUP000001 (market value of comparable publicly traded companies based upon room metrics), which was provided to Defendants in advance of the *Daubert* hearing; and
- "*Valuing a Business: The Analysis and Appraisal of Closely Held Companies*," 4th Edition by Shannon P. Pratt, Robert F. Reilly and Robert P Schweihs (page 415) (stating that public companies typically have higher valuations than privately held businesses).

Respectfully submitted this 6th day of September 2011.

**By: __/s/ Bruce F. Rinaldi__________**
COHEN MILSTEIN SELLERS & TOLL PLLC
Bruce F. Rinaldi. (admitted *pro hac vice*)
R. Joseph Barton
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005-3934
Tel: (202) 408-4600
Fax: (202) 408-4699
brinaldi@cohenmilstein.com
jbarton@cohenmilstein.com

COHEN MILSTEIN SELLERS & TOLL PLLC
Marc I. Machiz (admitted *pro hac vice*)
255 S. Seventeenth Street
Suite 1307
Philadelphia, PA 19103
Tel: (267) 773-4682
Fax: (267) 773-4690
mmachiz@cohenmilstein.com

SOLBERG STEWART MILLER TJON
Stacey Tjon Bossart
Al Baker
1129 5th Avenue South
P.O. Box 1897
Fargo, ND 58107-1897
Tel: (701) 237-3166
Fax: (701) 237-4627

***Class Counsel for the Former Employee Class***