UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| RAYMOND HANS, GAYLE HERBERT, LARRY RICHMAN, DONNA WALKER MICHAEL WEBSTER, BERNARD MCKAY, and TAMMY BLAKE on behalf of themselves, individually and on behalf of all others similarly situated in the Former Employee Class; and CARLOS GONZALES, DONALD KLAIN, JOLENE MATHESON-GODSCHALK, and SIDNEY LEIN, on behalf of themselves individually and on behalf of all others similarly situated in the Current Employee Class;<br><br>    Plaintiffs,<br><br>    v.<br><br>GARY D. THARALDSON, CONNIE THARALDSON, ROGER THARALDSON, RAYMOND BRAUN and JAMES LOCHOW as the Trustees of the MICHELLE THARALDSON TRUST and as Trustees of the MATTHEW THARALDSON TRUST, SOUTH DAKOTA TRUST COMPANY, LLC as Trustee of the MICHELLE LYN THARALDSON LEMASTER DYNASTY TRUST, as Trustee of the MATTHEW THARALDSON DYNASTY TRUST and as Trustee of the MICHAEL THARALDSON DYNASTY TRUST, and LINDA THARALDSON individually and in her capacity as Trustee for the MICHAEL THARALDSON TRUST,<br><br>    Defendants,<br><br>and<br><br>THARALDSON MOTELS, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>    Nominal Defendant. | Civil Action No.<br>3:05-CV-0115-RRE-KKK |

ORDER AND FINAL JUDGMENT

This Order concerns the settlement ("Settlement") of this litigation (the "Action") involving claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the TMI Hospitality Inc. ("TMI") Employee Stock Ownership Plan and Trust (the "ESOP"). A Settlement Agreement, dated October 10, 2012 ("Settlement Agreement"), was filed with the Court on October 16, 2012 (Dkt.748-1).[1] Before the Court are: (1) Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation ("Final Approval Motion and Plan of Allocation"); (2) The Report to the Court and Memorandum in Support of Final Approval of the Settlement of North Star Trust Company as Trustee of the TMI ESOP; (3) Plaintiffs' Counsel's Motion for Award of Attorneys' Fees and Expenses and Plaintiff Incentive Awards ("Fees and Expenses Motion"); and (4) Former Employee Class Motion for Incentive Awards ("Incentive Award Motion").

On October 23, 2012 (Dkt. 749), the Court entered its Order Preliminarily Approving Settlement and Setting Fairness Hearing ("Preliminary Approval Order"). The Court has received declarations attesting to the mailing of the Notice and publication of the Notice in accordance with the Preliminary Approval Order. A hearing was held on February 25, 2013, at 9:00 a.m.(the "Final Approval Hearing") to: (1) determine whether to grant the Final Approval Motion and Plan of Allocation; (2) determine whether to grant the Fees and Expenses; (3) determine whether to grant the Incentive Award Motion; and (4) rule upon such other matters as the Court might deem appropriate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action and all parties thereto pursuant to 29 U.S.C. § 1132(e).

---

[1] All capitalized terms used in this Order and Final Judgment and not defined herein shall have the meanings assigned to them in the Settlement Agreement and Preliminary Approval Order.

2. On May 7, 2010, this Court certified this litigation as a Class action and on August 27, 2011 defined two subclasses, as follows:

**The Former Employee Class**, defined as "All persons, other than Defendants in this action, members of their immediate families, their legal representatives, heirs, successors, or assigns of any excluded party, who were participants in the Tharaldson Motels, Inc. ("TMI") Employee Stock Ownership Plan ("ESOP") at any time from December 30, 1998 to the present and who received an allocation of Plan assets to their accounts which they did not subsequently forfeit under the terms of the Plan and who are no longer employees of TMI (or an affiliate) and the beneficiaries of such persons;" and

**The Current Employee Class**, defined as "All persons, other than Defendants in this action, members of their immediate families, their legal representatives, heirs, successors, or assigns of any excluded party, who were participants in the Tharaldson Motels, Inc. ("TMI") Employee Stock Ownership Plan ("ESOP") at any time from December 30, 1998 to the present and who is a present employee of TMI (or an affiliate) and the TMI ESOP beneficiaries of such persons." Hans v. Tharaldson, 2010 U.S. Dist. LEXIS 127426, 11-12 (D.N.D. Aug. 27, 2010).

3. In accordance with the Court's Preliminary Approval Order Class Notice was sent to each member of the Participant Classes either by e-mail or first-class mail, postage prepaid, to the Person's last known address as set forth in the records of the ESOP or TMI Hospitality, Inc.

4. In accordance with the Court's Preliminary Approval Order, the Class Notice and Settlement Agreement were posted on the websites of COHEN MILSTEIN SELLERS & TOLL P.L.L.C. at www.cohenmilstein.com and KELLER ROHRBACK at www.kellersettlements.com.

5. The Class Notice fully informed Participant Class members of their rights with respect to the Settlement, including their right to object to the Settlement and the applications for an award of attorneys' fees, reimbursement of expenses, and an award of incentives.

6. The Class Notice and Summary Notice collectively met the statutory requirements of notice under the circumstances, including the individual notice to all members of the Participant Classes who could be identified through reasonable effort due to the nature of this lawsuit and the definition of the class, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

7. The form and method of Notice is hereby APPROVED.

8. The Settlement was negotiated at arm's-length by experienced counsel who were fully informed of the facts and circumstances of the action and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in extensive discovery, motion practice, and mediation. Plaintiffs' Counsel and Defendants' Counsel are therefore well-positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

9. The proposed Settlement warrants final approval because it is fair, adequate, and reasonable to the Parties, the ESOP, the Participant Classes, and to others whom it affects based upon (1) the merits of the Plaintiffs' case weighed against the terms of the settlement, (2) Defendant Gary Tharaldson's financial condition, (3) the complexity and expense of further litigation, (4) the limited amount of opposition to the settlement, and (5) the rulings of this Court to date on motions for summary judgment. *Grunin v. International House of Pancakes,* 513 F.2d 114, 124 (8th Cir. 1975); *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1988).

10. The Final Approval Motion is GRANTED, and the Settlement is hereby APPROVED as fair, adequate and reasonable to the Parties, the ESOP, and the Participant Classes and others whom it affects, and in the public interest. The settling parties are directed to consummate the Settlement in accordance with the respective terms of the Settlement Agreement.

11. The Class Action Fairness Act of 2005 ("CAFA") requires each defendant participating in a proposed class settlement to provide appropriate state officials with information about the settlement, including, inter alia, a copy of the complaint, notice of any judicial hearings, any notification to class members, and any final judgments on the settlement. 28 U.S.C. § 1715. Defendant's CAFA notice contained the definition of the Settlement Class and attached (i) the Complaint; (ii) the First Amended Complaint through the Fifth Amended Complaint; (iii) the Opinion and Order granting in part, and denying in part, Defendants' motion to dismiss; (iv) the Opinion and Order granting in part, and denying in part, cross-motions for summary judgment; (v) the Notice of Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement (including the Settlement Agreement and the proposed notice to class members about the settlement); and (vi) the Order granting Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement. Defendant sent the required CAFA notices to the United States Attorney General and the Attorney General for each state and the District of Columbia on October 22, 2012, which is more than ninety (90) days before the entry of this order. 28 U.S.C. § 1715(d); Kay Co. v. Equitable Production Co., No. 2:06-CV-00612, 2010 WL 1734869, at *4 (S.D. W.Va. Apr. 28, 2010); Ault v. Walt Disney World Co., 2009 WL 3242028, at * 1, n. 4 (M.D. Fla. Oct. 6, 2009). I thus find and hold as part of this final judgment that Defendant complied with his CAFA notice requirements.

12. The Plan of Allocation is fair, reasonable and adequate and is hereby APPROVED. The administrator of the Settlement Fund shall, in accordance with the provisions of the Settlement Agreement, disburse the Settlement Fund Cash Component in the manner described in Section IIA.1-4 of the Settlement Agreement and any sums remaining thereafter shall be distributed to the members of each of the Participant Classes in accordance with the Plan of Allocation. In addition, the ESOP Trustee shall, in accordance with the provisions of the Settlement Agreement, cause such portion of each Settlement Fund Principal Reduction to be converted into cash to the extent there is any Deferred Fee Award due to Class Counsel after depletion of the Settlement Fund Cash Component in the manner described in Section V.6-7 of the Settlement Agreement. After payment of the Deferred Fee Award, if any, the ESOP Trustee shall cause the balance of each Settlement Fund Principal Reduction to be distributed to the members of each of the Participant Classes in accordance with the Plan of Allocation.

13. The Court further orders that any distributions of the Settlement Fund to the ESOP for distribution or allocation by the ESOP trustee in accordance with the Plan of Allocation shall be subject to any amounts withheld for the payment of taxes, statutory penalties, expenses and other sums as authorized in the Settlement Agreement, and attorneys' fees, expenses and incentive awards to Plaintiffs as authorized by this Order.

14. The Court finds payments made in accordance with such Plan of Allocation to be "restorative payments" as defined in IRS Revenue Ruling 2002-45. The Settlement Fund defined in the Settlement Agreement does not exceed the claimed losses resulting from the alleged fiduciary breaches; and the Settlement Fund is primarily for the benefit of the TMI ESOP, its participants and beneficiaries. Any modification or change in the Plan of Allocation that may

hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

15.     Incentive awards payable from the Settlement Fund in accordance with the Settlement Agreement are awarded hereby as follows:

| | |
|---|---|
| Tammy Blake | $5,000.00 |
| Donna Walker | $4,000.00 |
| Michael Webster | $4,000.00 |
| Gayle Herbert | $4,000.00 |
| Bernard McKay | $4,000.00 |
| Raymond Hans | $3,500.00 |
| Larry Richman | $ 500.00 |
| Total | $25,000.00 |

16.     Plaintiffs' Counsel for the Current Employee and former Employee Class are hereby awarded in the aggregate attorneys' fees in the amount of $2,575,274 or 17.2% of the common fund created through the efforts of Class Counsel and reimbursement of reasonable and necessary expenses in the amount of $2,074,726. Such award shall be payable from the Settlement Fund in accordance with the terms of Section V of the Settlement Agreement.

17.     TMI is hereby awarded reimbursement of out-of-pocket expenses incurred in connection with the implementation of the Settlement up to $150,000 (to be paid (i) first from proceeds remaining after the payment of the expense request in *McKay v. Tharaldson*, Case No. 3:08-CV-113-RRE-KKK, and (ii) the remainder as an offset to the $2,000,000 payment due on the Final Funding Date as provided under Section II.A.1 of the Settlement Agreement)..

18.     In making this award of attorneys' fees and reimbursement of expenses and the incentive awards to the FEC Representatives to be paid from the Settlement Fund, the Court has considered and found that:

7

(a) The Settlement achieved as a result of the efforts of Class Counsel represents a total of $15,000,000 in cash and principal reduction of the Designated ESOP Notes and will benefit thousands of Former Employee Class and Current Employee Class members;

(b) Notice was disseminated to the Class members indicating that Class Counsel were moving for awards of attorneys' fees which would not exceed one-third of the value of the Settlement Fund and reimbursement of expenses for themselves and incentive award for the Class Representatives, which when combined with award of attorney's fees would not exceed $4,675,000. No objections were filed against the terms of the proposed Settlement, to the fees and expenses requested by Class Counsel, or against the incentive awards requested for the FEC Representatives.

(c) Counsel for the FEC have worked on this matter for eight years, and Class Counsel have recorded hours worked on this matter equivalent to four times the amount they have requested as attorney's fees;

(d) Counsel for the FEC and the CEC are both prominent national law firms specializing in ERISA fiduciary breach litigation in general and ESOP litigation in particular;

(e) Because of the extraordinary amount of time which Class Counsel devoted to this Action, Class Counsel have been precluded from undertaking other new cases;

(f) Class Counsel undertook this Action on a contingency basis fee basis and assumed the risk the case would produce no fee at all;

(g) The Action involves complex factual and legal issues prosecuted over several years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(h) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Named Plaintiffs and the Participant Classes may have recovered less or nothing from the Defendants;

(i) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are reasonable and consistent with awards in similar cases; and

(j) The Named Plaintiffs rendered valuable service to the ESOP and to all members of the Participant Classes. Without this participation, there would have been no case and no settlement.

19. The Court finds that payments for the administration of the Settlement to Class Counsel and TMI are reasonable and necessary for the administration of the Settlement and operation of the TMI ESOP.

20. The Court retains jurisdiction over the Action, the Parties, the ESOP and the Participant Classes for all matters relating to the Action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement, this Order and Final Judgment, and any application for fees and expenses incurred in connection with future actions necessary to fully consummate the Settlement and distribute the proceeds thereof.

21. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

22. The following claims are or shall be released, as set forth in Section XIII, Paragraphs 1 to 5 of the Settlement Agreement:

> A. By operation of this Judgment and upon this Judgment becoming Non-Appealable, the TMI ESOP, the Participant Classes and with respect to natural persons therein, their present or past heirs, executors, administrators, successors and assigns are conclusively deemed to have absolutely and unconditionally released and forever discharged all Settled ESOP Claims against TMI and the Settling Defendants as those terms are defined in the Settlement Agreement. By operation of this Judgment, all of the above shall be bound by the Settlement Agreement and shall be precluded from pursuing any other claims, actions, demands, rights, liabilities, suits, or causes of action, in any judicial or administrative forum of any kind, against the TMI or the Settling Defendants with respect to the Settled ESOP Claims;

B. By operation of this Judgment and upon this Judgment becoming Non-Appealable, the Participant Classes and with respect to natural persons therein, their present or past heirs, executors, administrators, successors and assigns are conclusively deemed to have absolutely and unconditionally released and forever discharged all Settled Tharaldson Contract Claims, whether direct or derivate, against TMI as those terms are defined in the Settlement Agreement. By operation of this Judgment, all of the above shall be bound by the Settlement Agreement and shall be precluded from pursuing any other claims, actions, demands, rights, liabilities, suits, or causes of action, in any judicial or administrative forum of any kind, against the TMI with respect to the Settled Tharaldson Contract Claims;

C. By operation of this Judgment and upon this Judgment becoming Non-Appealable, Gary Tharaldson, on behalf of himself and all affiliated entities, is conclusively deemed to have released and forever discharged all Settled Tharaldson Indemnification Claims defined in the Settlement Agreement and shall be bound by the Settlement Agreement and shall be precluded from asserting any Settled Tharaldson Indemnification Claim in any action or proceeding of any nature; and,

D. By operation of this Judgment and upon the Judgment becoming Non-Appealable, Linda Tharaldson, on behalf of herself, her heirs, executors, agents, attorneys and assigns, is conclusively deemed to have released and forever discharged all Settled Tharaldson Contract Claims as defined in the Settlement Agreement and shall be bound by the Settlement Agreement and shall be

precluded from asserting any Settled Tharaldson Indemnification Claim in any action or proceeding of any nature.

E.  By operation of this Judgment and upon the Judgment becoming Non-Appealable, TMI shall be conclusively deemed to have released and forever discharged Linda Tharaldson and Gary Tharaldson on all Settled TMI Indemnification Claims as defined in the Settlement Agreement, and the Participant Classes and Class Counsel for the initiation, prosecution, and settlement of the Settled ESOP Claims and Settled Tharaldson Contract Claims as defined in the Settlement Agreement, and shall be precluded from asserting any Settled TMI Indemnification Claims against Linda Tharaldson and Gary Tharaldson, or any Settled ESOP Claims or Settled Tharaldson Contract Claims as defined in the Settlement Agreement against the Participant Classes and Class Counsel in any action or proceeding of any nature;

F.  By operation of this Judgment and upon the Judgment becoming Non-Appealable, the Settling Defendants defined in the Settlement Agreement are conclusively deemed to have released and forever discharged all Claims and Unknown Claims against the Participant Classes and Class Counsel as defined in the Settlement Agreement and shall be bound by the Settlement Agreement and shall be precluded from asserting any Claims or Unknown Claims in any action or proceeding of any nature

23.  All counts asserted in the Action are DISMISSED WITH PREJUDICE, without further order of the Court, pursuant to the terms of the Settlement Agreement.

24. In the event that the Settlement is terminated in accordance with the terms of the Settlement Agreement, this Judgment shall be null and void and shall be vacated *nunc pro tunc*, and Section XIV of the Settlement Agreement shall govern the rights of the Parties thereto.

**SO ORDERED** this 25 day of February, 2013.

Ralph R. Erickson, Chief Judge
United States District Court